José Quiñones Medina, demandante y apelante, *v.* Josefina B. Viuda de Riera, como representante de la Sucesión de José D. Riera, demandada y apelada.

Núm. 7258.—*Sometido:* Mayo 7, 1937. *Resuelto:* Junio 18, 1937.

*C. H. Juliá,* abogado del apelante; *Dubón & Ochoteco,* abogados de la apelada.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

José Quiñones Medina demandó a Josefina B. viuda de Riera como representante de la sucesión de José D. Riera. Se presentó una moción para eliminar ciertos particulares de la demanda y la corte consideró que con excepción de una frase, toda la materia debía ser eliminada, tal como se pedía. El demandante entonces radicó una demanda enmendada. En apelación el demandante, entre otras cosas, señala como error el haber declarado con lugar la moción eliminatoria.

Una demanda enmendada, excepto para ciertos fines que no están envueltos en este recurso, sustituye por completo la demanda original. Esta última desaparece de las alegaciones para todos los demás efectos. La siguiente exposición, de la obra de Bancroft sobre "Code Pleading" expresa suficientemente bien nuestra idea de la ley:

"Efecto en cuanto a sustituir la alegación original.—Es regla general que cuando una demanda enmendada se radica y notifica debidamente, la original deja de tener función alguna como una alegación. Una demanda enmendada sustituye la original y determina las controversias en ausencia de alegaciones adicionales. La original no queda, sin embargo, reemplazada para todos los fines; puede considerarse como parte de los autos del caso con el fin de demostrar cuándo comenzó la acción, o si una causa de acción nueva o diferente fué introducida por virtud de la enmienda." Vol. 1, pág. 810, sec. 561.

"De la regla de que una alegación enmendada reemplaza la original resulta que una excepción previa interpuesta contra una alegación enmendada debe ser resuelta tomando en consideración la alegación enmendada solamente; al no referirse a las cuestiones levantadas en la original, las alegaciones en ella contenidas serán consideradas como abandonadas y como que no ayudan a la petición subsiguiente al ser ésta excepcionada. Asimismo, en apelación, la alegación original no puede ser considerada para ningún propósito, si una excepción previa a la misma ha sido sostenida y la acción ha sido juzgada sobre la demanda enmendada. Igualmente, cuando una demanda enmendada no susceptible de objeción ha sido radicada, la objeción, al apelarse de la sentencia, de que la demanda original dejaba de aducir una causa de acción, es insostenible." Id., pág. 812, sec. 562.

A la demanda enmendada se presentó otra moción eliminatoria que fué concedida en todas sus partes. El demandante insistió en su demanda enmendada y solicitó de la corte que dictara sentencia. La corte, de conformidad, dictó sentencia declarando sin lugar la demanda. Se señalan errores.

■■ Este fué un caso en que, según la demanda enmendada, el demandante, en el mes de abril de 1922, arrendó de Riera, el antecesor en título de la demandada, una parcela de terreno radicada en La Perla, que se describe debidamente. Se alega que el representante de Riera solamente le permitió al demandante construir una casa en dicho terreno si él pagaba $3 mensuales de canon. En fecha posterior el canon fué aumentado a $3.50 mensuales y más tarde a $6.

El resto de dicha demanda lee como sigue:

"*Séptimo:* Que en 23 de septiembre de 1933, recibió el demandante una carta del Departamento del Interior de Puerto Rico, fir-

mada por el entonces Comisionado del Interior, señor Francisco Pons, indicándole que la casa estaba enclavada en terrenos de El Pueblo de Puerto Rico.

"*Octavo:* Que la demandada en esta acción cobró todos los cánones de arrendamiento, que fueron pagados por el ahora demandante en las fechas a que más arriba nos referimos, a sabiendas la demandada de que no tenía derecho a cobrar dichas cantidades.

"*Noveno:* Que la cantidad de dinero satisfecha por el ahora demandante, como cánones de arrendamiento y cobrada indebidamente por la demandada, asciende a la suma de $735.50.

"*Décimo:* Que habiendo cobrado la demandada dichas cantidades, el demandante tiene derecho a que se le abonen los intereses legales correspondientes al capital así pagado.

"*Undécimo:* Que a pesar de los múltiples requerimientos de pago hechos por el demandante a la demandada, ésta no ha pagado, ni por sí, ni por persona alguna a su nombre, ni en todo ni en parte, la cantidad antes especificada. Que dicha cantidad es líquida, exigible y está vencida."

Partes de los párrafos que anteceden a los que se han copiado fueron también eliminadas por orden de la corte, pero no es importante considerarlas.

Parte o todo el párrafo séptimo fué eliminado a instancias de la demandada porque la mera manifestación de un funcionario del gobierno no podía obligar a la demandada. Del párrafo octavo se eliminó la siguiente frase: "A sabiendas la demandada de que no tenía derecho a cobrar dichas cantidades." Los párrafos décimo y undécimo fueron completamente eliminados y las palabras eliminadas tomadas en conjunto con el párrafo octavo constituían la médula de la acción. El demandante pretendía recobrar rentas que él alegaba fueron indebidamente cobradas, toda vez que la demandada o su predecesor sabían que ninguno de ellos tenía título alguno.

La corte decidió que el error era uno de derecho, más no estamos del todo convencidos de que no pudo haber sido un error de hecho. Cuando una persona reclama falsamente el título a una parcela de terreno y la cede en arrendamiento,

tenemos alguna dificultad en ver, en todos los casos, un error de derecho.

Asumiendo que la moción eliminatoria constituía el procedimiento apropiado para disponer de todo el pleito, y esto es algo sobre lo cual tenemos algunas dudas, entonces prácticamente las partes eliminadas no podían ayudar al demandante a aducir una causa de acción. Si una persona que está en posesión entrega esa posesión a otra, y recibe rentas por concepto de dicha entrega, estableciendo así un arrendamiento con esa otra persona, el arrendador le ha dado al arrendatario un *quid pro quo*. Sea o no bueno el título del arrendador, el arrendatario recibe aquello por lo cual él contrató. El demandante en este caso fué mantenido en el goce pacífico de la posesión del terreno durante todo el tiempo que pagó rentas.

Aunque tenemos alguna idea de que la corte pudo haber tenido razón al eliminar varias partes de la demanda, y finalmente, cuando el demandante rehusó enmendar, al dictar sentencia, sin embargo, el efecto total de las actuaciones de las partes y de la corte que condujeron a la sentencia equivalió a decir que el demandante no tenía una causa de acción. Una excepción previa hubiese sido el mejor procedimiento. Empero, la falta de causa de acción puede ser levantada prácticamente en cualquier etapa del procedimiento y puede serlo ahora.

Éste no es el caso en que un hombre ha sido falsamente inducido por los representantes de la demandada a construir una casa en el terreno. El pleito se funda claramente en el cobro indebido de rentas. Aún si la demandada fuese la dueña absoluta, pudo haber terminado el arrendamiento y dejado al demandante los derechos que tuviera sobre la casa. No tenemos necesidad de determinar en este caso cuáles serían estos derechos.

*La sentencia debe ser confirmada.*

El Juez Asociado Señor Córdova Dávila no intervino.